IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Joaquin Vega, III, | No. CV-17-02741-PHX-SPL |
| Petitioner, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

The Court has before it Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) The Court has also received Respondents' Limited Answer (Doc. 11), Petitioner's Reply (Doc.12), the Report and Recommendation of the Magistrate Judge (Doc. 13), Petitioner's Objections (Doc. 14), and the Response to the Petitioner's Objections. (Doc. 15)

Petitioner argues in Ground 1 that A.R.S. Sections 13-821, 13-1405, and 13-1410 are unconstitutional because Petitioner believes the State of Arizona shifts the burden of proof to the defendant. (Doc. 1 at 6) In Ground 2, the Petitioner argues ineffective assistance of counsel because Petitioner believes counsel failed to challenge the constitutionality of the Arizona statute. (*Id.* at 7) Respondents argue the Petition should be dismissed and relief denied in light of the affirmative defenses of procedural default and waiver. (Doc. 11 at 2-20) The Magistrate Judge concluded the Petitioner's claims are technically exhausted, but procedurally defaulted, and that Petitioner has failed to establish cause and prejudice, or a fundamental miscarriage of justice, to excuse the

default. (Doc. 13, at 3-11)

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court has undertaken an extensive review of the sufficiently developed record. The Petitioner's objections to the findings and recommendations have also been carefully considered. The Petitioner objections have already been addressed in the Report and Recommendation.

After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by Judge Fine. Having carefully reviewed the record, the Petitioner has not shown that he is entitled to habeas relief. The Petitioner failed to file the petition in his PCR proceedings raising his claims. This Court finds the claims are unexhausted and procedurally defaulted. The R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 13) is **accepted** and **adopted** by the Court;

2. That the Petitioner's Objections (Doc. 14) are **overruled**;

3. That the Petition for Writ of Habeas Corpus (Doc. 1) is **denied** and this

action is **dismissed with prejudice**;

4. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable; and

5. That the Clerk of Court shall **terminate** this action.

Dated this 30th day of July, 2018.

Honorable Steven P. Logan
United States District Judge